IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM THOMAS CAPPS | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv547 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff William Thomas Capps, an inmate at the Goodman Unit, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against the University of Texas Medical Branch, Shelly Picket, Fred Moore, and Clarence Thomas.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends plaintiff's complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. Here, plaintiff has received medical evaluations and treatment. The dispute is over the adequacy of the treatment provided. Plaintiff's claims do not rise to the level of egregious intentional conduct

sufficient to satisfy the deliberate indifference standard necessary for an Eighth Amendment violation. *See Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752 (5th Cir. 2001).

Further, to the extent plaintiff attempts to raise a claim pursuant to the Americans with Disabilities Act ("ADA"), plaintiff's claims are without merit. Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Assuming, *arguendo*, that plaintiff is "disabled" within the meaning in the statute, plaintiff has failed to allege or demonstrate that he was excluded from services or discriminated against because of his disability. Plaintiff's complaint constitutes no more than a claim for negligence or medical malpractice and is therefore not actionable under the ADA. *See, e.g., Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996), *reh'g denied*, 91 F.3d 994 (7th Cir. 1996) (ADA "does not create a remedy for medical malpractice."); *Moore v. Prison Health Services, Inc.,* 24 F.Supp.2d 1164, 1168 (D.Kan. 1998), *aff'd*, 201 F.3d 448 (10th Cir. 1999) (claim that medical treatment received for disability was inadequate does not state ADA violation).

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **14** day of **September, 2007.**

_____
Thad Heartfield
United States District Judge